## NATHAN P. BOWMAN *v.* JOHN A. CONANT.

### *Execution. Receiptor.*

If personal property be attached and receipted, and the suit pass into judgment, and the receiptor turns out to the officer holding the execution other property of the execution debtor to an amount sufficient to satisfy the execution, and in regard to his title to which there is no dispute, and the officer levy the execution thereon, he can not voluntarily abandon the levy and collect the execution of the receiptor.

But *aliter*, if after the levy and before the sale of the property upon the execution, it be claimed by another person under such circumstances as to create a reasonable doubt as to the right of the officer to sell it as the property of the execution debtor, and the receiptor refuse to furnish the officer with indemnity against the consequences of such sale.

TROVER for a passenger car, numbered three. Plea, not guilty, and trial by the court, at the March Term, 1858,—BENNETT, J., presiding.

The plaintiff gave in evidence the following receipt, signed by the defendant:

"Received of N. P. Bowman, sheriff of Chittenden County, one passenger car, worth twelve hundred dollars, which has this day been attached on a writ, John Tharp against Rutland and Burlington Railroad Company, dated Burlington, August 18, 1853, signed by Asahel Peck, Chief Judge of Chittenden County Court, demanding in damages, twelve hundred dollars, which car I promise to keep and deliver to said Bowman or bearer, on demand, in as good condition as it now is.

August 20, 1853.

(Signed)　　　　　　　　JOHN A. CONANT."

The original writ and the return thereon, in favor of Tharp against the Rutland and Burlington Railroad Company, were then given in evidence by the plaintiff, and from the return it appeared that the plaintiff, as sheriff of Chittenden County, on the day of the date of the receipt served the writ by attaching as the property of the defendants therein, "one passenger car," without any other description. No question was made but that the plaintiff was then sheriff of Chittenden County, that the suit proceeded regularly to a final judgment in Tharp's favor, that execution was issued thereon within thirty days from the rendition of the judgment, and was delivered to Humphrey Paul, on the 8th of October, 1855, who had then succeeded the plaintiff as sheriff.

The plaintiff also introduced in evidence the record of a mortgage of the road bed and all the furniture and other property of the Rutland and Burlington Railroad Company, dated August 1st, 1853, and executed by that company to Samuel Henshaw and J. Thomas Stevenson, as trustees for the holders of the second mortgage bonds, so called, of that company. This mortgage did not describe the bonds or notes of the company, to secure which it was made, as then executed, but as thereafter expected to be issued. The plaintiff also introduced the record of three deeds of surrender executed by the Rutland and Burlington Railroad Company of the property described in their second mortgage to

Bowman v. Conant.

the persons named as trustees in the mortgage, dated respectively November 16th, 1853, February 13th, 1854, and June 3d, 1854. The last of these deeds of surrender was executed by David A. Smalley, as agent of the company, he being named therein as such and as authorized to execute the deed. These deeds of surrender recited the breach of the condition of the mortgage by the failure of the company to pay both the principal and interest on their second mortgage bonds, and professed to surrender the mortgaged property to the trustees in pursuance of the mortgage.

The plaintiff then testified that on the day of the date of the receipt he attached, upon the writ in favor of *Tharp* v. *The Rutland and Burlington Railroad Company*, a passenger car numbered three, then in use by that company, and that upon the execution by the defendant of the receipt, the car so attached went back into the possession of the company, but that he had no knowledge that the defendant knew anything about what particular car was attached except what was to be learned from the receipt itself.

The plaintiff also introduced the testimony of David A. Smalley, which was to the effect that all the road bed and personal property of the Rutland and Burlington Railroad Company, including all their passenger cars, were transferred to, and put into the possession of the trustees under the mortgage of that company, above described, on the 19th of November, 1853, and have ever since remained in their possession.

The plaintiff introduced Humphrey Paul as a witness, who testified that immediately upon the receipt by him of the execution in favor of Tharp against the railroad company, he demanded of the plaintiff the car attached on the original writ; that the plaintiff delivered him the receipt offered in evidence; that shortly after, and within thirty days from the rendition of the judgment, he presented the receipt to the defendant, and demanded the property therein named; that the defendant turned out to him passenger car numbered thirteen, then upon a side track of the Rutland and Burlington Railroad, upon which Paul then levied the execution and advertised it for sale, but that before the day fixed for the sale he was informed by David A. Smalley, that if he sold

32

that car he would be sued by the trustees under the mortgage then in possession of the railroad ; that he thereupon wrote the defendant a letter, which was not produced on trial, nor were its contents given in evidence, to which he received a reply from the defendant, requesting him to adjourn the sale, and promising to decide in a few days what course to pursue in the matter ; that after once adjourning the sale, he abandoned the possession of the car, on account of the threat of a suit made by Smalley, and the neglect of the defendant to furnish him indemnity for selling the car. It was admitted that the car number thirteen was of sufficient value to satisfy the execution and the costs of the levy and sale.

Upon this evidence the defendant insisted that the plaintiff was not entitled to recover, but the court found the facts as stated by Paul in his testimony, and also that the car actually attached on the writ was car number three, and not the one turned out to Paul upon the execution ; and that the statements of David A. Smalley and the plaintiff in their testimony were true. The court also found the facts in regard to the mortgage from the railroad company to the trustees, and the surrender of all the railroad property to the latter, as the same were stated in the records put in evidence ; and upon these findings the court rendered judgment for the plaintiff for the amount of the judgment in favor of Tharp against the railroad company and interest, to which the defendant excepted.

*Roberts & Chittenden,* for the defendant.

*J. Maeck,* for the plaintiff.

POLAND, J. The county court have found that the car attached by the plaintiff on Tharp's writ against the Rutland and Burlington Railroad Company, was car number three, and the defendant's receipt to the plaintiff was for the car attached. The plaintiff's return on the writ did not give the number of the car, but described it merely as "one passenger car." It is not questioned by the defendant but that this description was sufficiently certain to make a valid attachment of the particular car, number three. The receipt signed by the defendant describes the car in the same manner as the officer's return, and from the manner in which the

exceptions state the defendant's receipt was procured, it is very probable the defendant did not know what particular car was attached, or intended to be receipted by him. But we think that when he assumed by his receipt the obligation to keep the car attached and redeliver it to the plaintiff, it was his duty to have informed himself what particular car it was which he had thus engaged to keep and deliver, and that he can not excuse himself from delivering to the officer the very car attached, by his voluntary ignorance of its description, and that the officer holding the execution and receipt was not bound to take any other car except the one attached and receipted. But when Paul, the sheriff, having the execution and receipt, made the demand upon the defendant for the car, the defendant turned out to him, not the car attached and receipted, but car number thirteen, and Paul took the possession of the car, and advertised it for sale on the execution. It is probable from the facts reported by the county court, that Paul was ignorant at this time as to what particular car had been attached, and was referred to in the receipt. Now although we think the defendant could not require the officer holding the receipt to accept any other property except that for which the receipt was in fact given, still, if the receiptor turned out to the officer other property of the execution debtor, which was his property indisputably, to an amount sufficient to satisfy the execution and the officer's charges, and the officer levied his execution upon it, he could not thereafter voluntarily abandon his levy and give up the property, and make the receiptor liable to pay the execution. The defendant claims that this is really the case presented by the facts found by the county court. But the defendant's counsel go further and insist, that if the defendant turned out property to the officer sufficient to satisfy the execution, and the officer levied his execution upon it, he would not be justified in afterwards abandoning his levy without showing that the property levied upon was not in fact the property of the execution debtor, and that the same could not have been lawfully held to satisfy the execution. But we think this is not a correct view of the rights and duties of an officer under such circumstances. If he was induced by the receiptor to levy his execution upon other property than that receipted, supposing it to be the same

mentioned in the receipt, or other property of the debtor, and the property was afterwards claimed by other persons, and under such circumstances as to create fair and reasonable doubt as to his right to sell it to satisfy the execution, he would be justified in abandoning his levy and relinquishing the property, unless the receiptor would at least give him satisfactory indemnity against any claim of such third person to the property.

The county court have found that at the time the defendant turned out the car to Paul, the trustees, under the second mortgage of the railroad, were in the actual possession of the road, and of all the cars and other furniture, and had been for nearly two years claiming title thereto, under the mortgage and three deeds of surrender executed to them by the railroad company; and that after the levy, D. A. Smalley, on behalf of the trustees, gave notice to Paul that if he proceeded to sell said car on said execution he would be sued therefor by the trustees; that thereupon Paul called on the defendant to give him an indemnity against the sale, which the defendant refused to give, and that therefore Paul abandoned the levy.

The defendant's counsel insist that some of the facts found and reported by the county court were not supported by any evidence, and therefore are not now to be treated as facts existing to support the judgment of the court below. They claim that there was no evidence that Mr. Smalley, in giving notice to Paul that the trustees claimed the car and would sue for it if sold, was acting or professing to act by any authority from the trustees, and also that there was no evidence that Paul asked the defendant for any indemnity, or that the defendant refused to give one. It is not stated in terms that there was proof that Mr. Smalley was authorized by the trustees to give such notice, or that he professed to give it on their behalf, but still we think this might be fairly and reasonably inferred from the proof as stated, and all the circumstances of the case. The very fact that he was acting for them, and apparently giving notice on their behalf, is more consistent with his having authority to do so, than that he was a mere stranger having no concern with, or interest in their affairs, and by the last deed of surrender it appears that Mr. Smalley was a director, and the solicitor of the railroad company,

and made their agent to execute the deed. Neither is it stated in terms that it was proved that Paul called on the defendant for an indemnity,. and that the defendant refused to give one, but Paul testified that he did not sell the car in consequence of the notice from Smalley, and "the neglect of Conant to give an indemnity." Now we think that from this statement, it was a reasonable inference that Paul had asked an i_demnity, and the defendant had refused to give it, and this inference is supported by the letter of the defendant to Paul, and the fact that they were in correspondence on the subject of this car.

We can not, therefore, say that there was no evidence tending to establish both these findings of the county court.

The defendant's counsel also claim that there was no evidence that the notes which said mortgage was given to secure, were ever issued and put into circulation, or that if they were, that there had ever been any breach of the condition by a failure to pay either the principal or interest due upon them, so as to authorize the trustees to take the possession of the road, or justify the execution of the deeds of surrender. All these facts are recited in the deeds of surrender as existing, and the exceptions say that the county court found all the facts as stated in those records, but it does not appear they had any other evidence, except the recitals in the deeds, which we could not regard as sufficient evidence of those facts, and if Paul had sold the car, and the trustees had sued him for it, those facts must have been fully proved to establish their title against a creditor of the corporation.

But as before stated, we do not think the plaintiff was bound to show that the trustees had such a title to the car as would have enabled them to recover for it if sold. The trustees were in possession of the property, and had been for nearly two years claiming title to it, they had conveyances of it to them from the railroad company spread upon the public records, which upon their face recited all the facts necessary to establish a legal title to the property, and they gave notice to the officer that they claimed the property, and would sue for it if he sold it. Under these circumstances we are all satisfied that the defendant could not rightfully claim that the plaintiff or the creditor should incur the risk of a litigation with the trustees for this car, and that when he

refused to give the officer an indemnity against the claim of the trustees, the officer was amply justified in abandoning the levy, and the creditor or the plaintiff might rely upon the receipt of the defendant.

The judgment of the county court is therefore affirmed.